**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re** | § | **Chapter 11** |
| | § | |
| **FAIRWAY ENERGY, LP, *et al.*,**[1] | § | **Case No. 18-12684 (LSS)** |
| | § | |
| Debtors. | § | **(Jointly Administered)** |
| | § | |
| | § | **Ref. Docket No. 64** |

**ORDER (A) AUTHORIZING AND APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) APPROVING PROCEDURES FOR DETERMINING CURE AMOUNTS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) APPROVING THE FORM AND MANNER OF NOTICES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH, (D) SCHEDULING A HEARING ON APPROVAL OF THE PROPOSED SALE OF THE DEBTORS' ASSETS, AND (E) GRANTING RELATED RELIEF**

The Court having considered the *Debtors' Motion for Entry of Orders: (I) (A) Authorizing and Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Approving Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases, (C) Approving the Form and Manner of Notices in Connection with the Sale of Substantially All of the Debtors' Assets and the Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection Therewith, (D) Scheduling a Hearing on Approval of the Proposed Sale of the Debtors' Assets, and (E) Granting Related Relief; and (II) (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing and Approving the Debtors' Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection*

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, include: Fairway Energy, LP (4200); Fairway Energy Partners, LLC (7914); and Fairway Energy GP, LLC (7808). The location of the Debtors' service address is Three Riverway, Suite 1550, Houston, Texas 77056.

01:24041250.2

4827-1461-6185 v.13                    1

*Therewith, and (C) Granting Related Relief* [Docket No. 64] (the "Motion")[2] filed in the above-captioned cases (the "Chapter 11 Cases"), any responsive pleadings filed in connection with the Motion, the record in the above-captioned cases, and the representations of counsel at the hearing on the Motion (the "Hearing"); and the Court having determined that notice of the Motion was adequate and sufficient; and after due deliberation and sufficient cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A. This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested in the Motion are: (i) Sections 105, 363, and 365 of the Bankruptcy Code; (ii) Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014; and (iii) Local Rules 2002-1, 6004-1, and 9006-1.

B. Notice of the Motion, having been provided as set forth and described in the Motion, is sufficient in light of the circumstances and the nature of the relief granted herein.

C. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

D. The Debtors have articulated good and sufficient reasons for this Court to: (i) approve the Bidding Procedures; (ii) approve the scheduling of the Bid Deadline, an Auction,

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion or the Bidding Procedures, as applicable.

and the Sale Hearing and approve the manner of notice of the Auction and Sale Hearing; and (iii) approve the procedures for the assumption and assignment of the Assumed and Assigned Contracts, including notice of proposed Cure Amounts.

E.  The Bidding Procedures, in the form attached as **Exhibit 1** to this Order, are reasonable and appropriate and represent the best available method for maximizing value for the benefit of the Debtors' estates.

F.  Notice of Sale. The Sale Notice, substantially in the form attached as **Exhibit 2** to this Order, is reasonably calculated and sufficient to provide interested parties with timely and proper notice of the proposed Sale, including, without limitation: (i) the date, time, and place of the Auction (if one is held); (ii) the Bidding Procedures; (iii) the deadline for filing objections to the Sale and entry of the Sale Order, and the date, time, and place of the Sale Hearing; (iv) reasonably specific identification of the Assets to be sold; (v) a description of the Sale as being free and clear of liens, claims, encumbrances and other interests (except as otherwise set forth in any Qualified PA, as applicable), with all such liens, claims, encumbrances and other interests attaching with the same validity and priority to the Sale proceeds; and (vi) notice of the proposed Assumption and Assignment Procedures, and no other or further notice of the Sale is or shall be required.

G.  Assumption and Assignment Procedures.  The Assumption and Assignment Procedures set forth herein, and the Assumption and Assignment Notice substantially in the form attached as **Exhibit 3** to this Order, are reasonably calculated to provide Contract Counterparties to any Contracts and/or Leases to be assumed by the Debtors and assigned to the Successful Bidder(s) with proper notice of the intended assumption and assignment of their Contracts and/or Leases, the procedures in connection therewith, and any Cure Amounts relating thereto.

H. Based upon the foregoing findings and conclusions, the Motion and the record before the Court with respect to the Motion, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as provided herein.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion, are overruled.

**A.    Important Dates and Deadlines**

3. <u>Sale Hearing</u>.  The Sale Hearing shall commence on **March 13, 2019, at 10:30 a.m. (Eastern Time)** before the Honorable Laurie Selber Silverstein at the United States Courthouse, 824 North Market Street, 6th Floor, Courtroom No. 2, Wilmington, DE 19801.  The Debtors may adjourn the Sale Hearing without further notice other than by announcement in open Court or on the Court's calendar.

4. <u>General Objection Deadline</u>.  Objections, if any, to the Sale, the assumption and assignment of the Assumed and Assigned Contracts, or any relief requested in the Motion other than the relief granted in this Order, including that any property or right (including an Assumed and Assigned Contract) cannot be transferred, sold, assumed, and/or assigned free and clear of all liens, encumbrances, claims and other interests, must be:  (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and the Local Rules of this Court; (d) filed with the Clerk of the Court for the District of Delaware, United States Courthouse, 824 North Market Street, Wilmington, DE 19801, by no later than **4:00 p.m. (Eastern Time) on February 12, 2019** (the "<u>General Objection Deadline</u>"); and (e) served in accordance with the Local Rules so as to be received on or before the General Objection Deadline by the following: (i) the Debtors, Fairway Energy, LP, Attn.: Robert Flavin, 3 Riverway, Suite 1550, Houston, TX 77056, Email: robert.flavin@fairway midstream.com; (ii)

Piper Jaffray & Co., Attn.: Spencer Rippstein and Richard Shinder, 345 Park Avenue, Suite 1200, New York, NY 10154, E-mail: spencer.w.rippstein@pjc.com and richard.j.shinder@pjc.com; (iii) counsel for the Debtors, Haynes and Boone, LLP, Attn.: Patrick L. Hughes, 1221 McKinney, Suite 2100, Houston, TX, 77010, Email: patrick.hughes@haynesboone.com and Young Conaway Stargatt & Taylor, LLP, Attn.: Edmon Morton, 1000 North King Street, Wilmington, DE 19801, Email: EMorton@ycst.com; and (iv) counsel to Riverstone, White & Case LLP, Attn.: David Turetsky and Andrew Zatz, 1221 Avenue of the Americas, New York, NY 10020, Email: david.turetsky@whitecase.com and azatz@whitecase.com; and (v) the Office of the United States Trustee for the District of Delaware, Attn: Brya Keilson, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Email: Brya.Keilson@usdoj.gov (these procedures are collectively referred to as the "General Objection Procedures"). Each objection shall state the legal and factual basis of such objection.

5. *Supplemental Objection Deadline*. Objections to the conduct of the Auction or proceeding with the Sale to the Successful Bidder(s) or any Backup Successful Bidder(s) must be filed and served by **4:00 p.m. (Eastern Time) on March 11, 2019** (the "Supplemental Objection Deadline") and must otherwise comply with the General Objection Procedures; provided, however, that Contract Counterparties may object up until the date of the Sale Hearing solely with respect to the issue of adequate assurance of future performance by any Successful Bidder other than a Stalking Horse Bidder (as defined below).

6. Only those objections made in compliance with this Order will be considered by the Court at the Sale Hearing. The failure of any objecting party to file an objection by the General Objection Deadline or the Supplemental Objection Deadline, as applicable, and in

accordance with the General Objection Procedures will be a bar to the assertion, at the Sale Hearing or thereafter, of any objection (including to the Sale and assumption and assignment of the Assumed and Assigned Contracts free and clear of liens, claims, encumbrances and other interests (except as otherwise set forth in the applicable purchase and sale agreement)) and shall be deemed to constitute consent to the entry of the Sale Order and consummation of the Sale and all transactions related thereto, including, without limitation, such assumption and assignment.

7. <u>Deadline for Initial Indications</u>.  All non-binding Initial Indications by any third party interested in submitting any proposal or offer for the Assets must be submitted to the Debtors in accordance with the Bidding Procedures on or before **February 18, 2019 at 4:00 p.m. (Eastern Time)**.  The failure to submit an Initial Indication shall not preclude a Potential Bidder from submitting a Qualified Bid.

8. <u>Bid Deadline</u>.  All bids by any third party that is interested in acquiring some or all of the Assets (each, a "<u>Bid</u>") must be actually received by the Notice Parties specified in the Bidding Procedures on or prior to **4:00 p.m. (Eastern Time) on February 27, 2019** (the "<u>Bid Deadline</u>").

9. <u>Auction</u>.  If necessary, an Auction with respect to the Assets will be held at the offices of Debtors' counsel: Haynes and Boone, LLP, 1221 McKinney, Suite 2100, Houston, Texas 77010, commencing at **10:00 a.m. (Central Time) on March 7, 2019**.  As set forth in the Bidding Procedures, only Qualified Bidders may bid at the Auction. The Auction will be conducted openly, and the U.S. Trustee, any Committee, and creditors of the Debtors, and each of the foregoing's legal and financial advisors, may attend the Auction.

**B.    Auction, Bidding Procedures, and Related Relief**

10. The Bidding Procedures, attached hereto as **Exhibit 1**, are hereby authorized, approved and made part of this Order as if fully set forth herein. The Bidding Procedures shall

govern the submission, receipt, and analysis of all Bids relating to the proposed Sale.  Any party desiring to bid on the Assets shall comply with the Bidding Procedures and this Order.  The Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures.

11. A Qualified Bidder must confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

12. Riverstone, or its designee, shall be entitled to credit bid all or a portion of the outstanding obligations owing under the DIP Loan Documents and the Prepetition Loan Documents (each as defined in the DIP Order) in accordance with Section 363(k) of the Bankruptcy Code, and nothing herein shall prejudice or impair such credit bid rights.  For the avoidance of doubt, every dollar of a credit bid shall be treated the same as a dollar from a cash bid.  Riverstone, or its designee, shall be deemed a Qualified Bidder for all purposes hereunder, and any Bid submitted by Riverstone, or its designee, irrespective of whether such Bid is submitted by the Bid Deadline, shall be deemed to be a Qualified Bid for all purposes hereunder; <u>provided</u> that, if an Auction is conducted, to be a Qualified Bidder, Riverstone must submit a Bid before the commencement of the Auction.

13. In the event that the Debtors timely receive more than one Qualified Bid, the Debtors may determine, in the exercise of their sound business judgment and in consultation with Riverstone and any official committee appointed in these Chapter 11 Cases (a "<u>Committee</u>"), to schedule an Auction to request additional competitive Bids from Qualified Bidders with respect to the Assets in accordance with the Bidding Procedures.

14. If the Debtors do not receive any Qualified Bids, the Debtors shall report the same to the Court.  If the Debtors do not receive any Qualified Bids with respect to any or all of the

Assets other than a Bid by Riverstone or its designee, the Debtors shall report the same to the Court and, in such circumstances, the Debtors shall promptly proceed to seek entry of the Sale Order approving such Bid by Riverstone or its designee, except as may be otherwise agreed to by the Debtors and Riverstone.

15. Subject to the final approval of this Court, the Debtors are authorized to determine in their business judgment, in consultation with Riverstone and any Committee, and pursuant to the Bidding Procedures, the highest or otherwise best Bid(s) and the Successful Bidder(s) or Backup Successful Bidder(s) for the Assets. Notwithstanding the foregoing, or anything else in this Order or the Bidding Procedures to the contrary, in the event Riverstone submits a Bid, the Debtors shall not consult with Riverstone regarding the conduct of the Auction or the selection of the Successful Bidder(s) and Backup Successful Bidder(s).

16. Following entry of this Order, the Debtors shall be authorized, but not obligated, in an exercise of their business judgment and after consulting with Riverstone and any Committee, to select one or more Potential Bidders to act as a stalking horse bidder (a "<u>Stalking Horse Bidder</u>") for all or any portion of the Assets (which Stalking Horse Bidder may be Riverstone pursuant to a credit bid or otherwise), and may agree to provide such Stalking Horse Bidder(s) certain bid protections, including an expense reimbursement and/or a break-up fee (the "<u>Bid Protections</u>"); provided that any such Bid Protections shall be subject to approval by the Court, which the Debtors may seek on an expedited basis pursuant to Section 105(a) of the Bankruptcy Code and Local Rule 9006-1(e).

17. Except for a Stalking Horse Bidder, if any, no person or entity shall be entitled to any expense reimbursement, break-up fee, termination fee, or other similar fee or payment, and by submitting a Bid, such person or entity is deemed to have waived their right to request or to

file with this Court any request for expense reimbursement or any fee of any nature, including whether by virtue of Section 503(b) of the Bankruptcy Code or otherwise; provided that the foregoing shall not impair Riverstone's ability to seek reimbursement of expenses, or any other payments, as authorized under separate court order (including, without limitation, any order authorizing postpetition financing).

C.    **Assumption and Assignment Procedures**

18.    The following procedures regarding the assumption and assignment of the Assumed and Assigned Contracts in connection with the Sale are hereby approved to the extent set forth herein, and shall govern the assumption and assignment of all Assumed and Assigned Contracts proposed to be assumed by the Debtors pursuant to Section 365(b) of the Bankruptcy Code and assigned to the Successful Bidder(s) following a Sale or Sales pursuant to Section 365(f) of the Bankruptcy Code.

19.    As promptly as possible after the entry of this Order, the Debtors shall serve on all Contract Counterparties an Assumption and Assignment Notice substantially in the form attached hereto as **Exhibit 3**, that identifies, to the extent applicable:  (i) the Assumed and Assigned Contract(s) that may be assumed by the Debtors and assigned to the Successful Bidder(s); (ii) the name and address of the Contract Counterparty thereto; (iii) notice of the proposed effective date of the assignment (subject to the right of the Debtors and Purchaser (as such term shall be defined in the Sale Order) to withdraw such request for assumption and assignment of the Assumed and Assigned Contract(s) prior to the Closing); (iv) the amount, if any, determined by the Debtors to be necessary to be paid to cure any existing default in accordance with Sections 365(b) and 365(f)(2) of the Bankruptcy Code (the "Cure Amount"); and (v) the deadlines by which any such Contract Counterparty must file an objection to the proposed assumption and assignment of any Assumed and Assigned Contract, which shall be at

least 14 days after service of the Assumption and Assignment Notice; provided, however, that the presence of any Contract or Lease on an Assumption and Assignment Notice does not constitute an admission by the Debtors that such Contract or Lease is an executory contract or unexpired lease.

20.   As soon as practicable after the conclusion of the Auction, but no later than 12:00 p.m. (Eastern Time) the next day, the Debtors shall file with the Court a notice identifying the Successful Bidder(s) and Backup Successful Bidder(s). Such notice will also be made available at https://cases.primeclerk.com/fairwayenergy. To the extent the Debtors propose to assume and assign any Assumed and Assigned Contracts to one or more Successful Bidder(s), such notice must be served by facsimile, electronic transmission, overnight, or first class mail on the Contract Counterparty (and its attorney, if known) to each Assumed and Assigned Contract, and such notice must: (i) state which Assumed and Assigned Contracts will be assumed and assigned to the Successful Bidder(s); and (ii) contain a statement as to the Successful Bidder(s)' ability to perform the Debtors' obligations under the applicable Assumed and Assigned Contracts.

21.   All objections to the assumption and assignment of any Assumed and Assigned Contract, including, without limitation, any objection to the Debtors' proposed Cure Amount or the provision of adequate assurance of future performance under any Assumed and Assigned Contract pursuant to Section 365 of the Bankruptcy Code ("Adequate Assurance") must: (i) comply with the General Objection Procedures; (ii) identify the Contract(s) or Lease(s) to which the objector is party; (iii) describe with particularity any cure the claimant contends is required under Section 365 of the Bankruptcy Code (the "Cure Claim") and identify the basis(es) of the alleged Cure Claim under the Contract or Lease; (iv) attach all documents supporting or

evidencing the Cure Claim; and (v) if the response contains an objection to Adequate Assurance, state with specificity what the objecting party believes is required to provide Adequate Assurance (collectively with the General Objection Procedures, the "<u>Assigned Contract Objection Procedures</u>").

22. If no objection is timely and properly filed and served in accordance with the Assigned Contract Objection Procedures, (i) the Cure Amount set forth in the Assumption and Assignment Notice shall be controlling notwithstanding anything to the contrary in any Assumed and Assigned Contract or other document and the Contract Counterparty thereto shall be forever barred from asserting any other claim or objection under Section 365(b)(1)(A) and (B) of the Bankruptcy Code or otherwise, including, without limitation, any objection to the assignability of any of the Debtors' assets, contracts, or leases, against the Debtors or Purchaser with respect to such Assumed and Assigned Contract arising prior to the assignment thereof, and (ii) the Purchaser's promise to perform under the Assumed and Assigned Contract shall be deemed Adequate Assurance thereunder. To the extent the Debtors dispute any Cure Claim and such dispute is not resolved prior to the Sale Hearing, such dispute shall be presented to the Court at the Sale Hearing, or such later date and time as the Debtors and the objector may agree or the Court may order, but such dispute shall not affect in any way the effectiveness of any assumption and assignment of any Assumed and Assigned Contract.

23. If at any time after service of the Assumption and Assignment Notice, the Debtors identify additional prepetition executory contracts and/or unexpired leases to be assumed and assigned to the Purchaser as Assumed and Assigned Contracts (whether before or after closing of any Sale(s) of relevant Assets), the Debtors shall serve a supplemental Assumption and Assignment Notice by first-class mail, facsimile, electronic transmission, or overnight mail on

the Contract Counterparty (and its attorney, if known) to each supplemental Assumed and Assigned Contract at the last known address available to the Debtors by no later than fourteen (14) calendar days before the proposed effective date of the assignment. A Contract Counterparty receiving any such supplemental Assumption and Assignment Notice shall have until the later of (i) the General Objection Deadline, or (ii) ten (10) days from service of the supplemental Assumption and Assignment Notice to file an objection to the assumption and assignment of its Contract(s) and/or Lease(s) in accordance with the Assigned Contract Objection Procedures set forth herein.

**D.    Sale Notice**

24.    The Sale Notice is hereby approved. Within three (3) business days of the entry of this Order, the Debtors shall serve the Sale Notice by first-class mail, postage prepaid, facsimile, electronic transmission, or overnight mail upon: (i) all entities contacted by Piper, Jaffray & Co. ("Piper") or reasonably believed by the Debtors to have expressed an interest in a Proposed Transaction with respect to the Assets during the past fifteen (15) months; (ii) all state and local taxing authorities or recording offices which have a reasonably known interest in the relief requested; (iii) all of the Debtors' insurers; (iv) all non-Debtor parties to relevant contracts or leases (executory or otherwise); (v) all parties who are known or reasonably believed, after reasonable inquiry, to have asserted any lien, encumbrance, claim, or other interests in the Assets; (vi) the parties that have filed proofs of claim in the Chapter 11 Cases as of the date of entry of this Order; (vii) the parties that have filed a written request for notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002; (viii) the office of the United States Trustee; and (ix) all parties set forth in the Debtors' Master Service List maintained in the Chapter 11 Cases (to the extent any party to receive notice thereby has not received notice pursuant to sections (i) through (viii) above). In addition, the Debtors will publish an abbreviated Sale Notice in The

Wall Street Journal and The Houston Chronicle at least ten (10) days prior to the Auction. The Debtors will also post the Sale Notice and the Bidding Procedures Order on the website of the Debtors' claims and noticing agent, at https://cases.primeclerk.com/fairwayenergy/.

**E.     Miscellaneous**

25.    The failure to include or reference a particular provision of the Bidding Procedures specifically in this Order shall not diminish or impair the effectiveness and enforceability of such a provision.

26.    The Debtors are authorized to take all actions necessary and appropriate to implement and effectuate the relief granted pursuant to this Order in accordance with the Motion and to incur and pay costs and expenses and do other things as may be necessary and appropriate to comply with the requirements established by the Bidding Procedures and this Order subject to the Budget under (and as defined in) the applicable order authorizing the Debtors to incur postpetition financing.

27.    The Debtors are authorized to conduct the Sale without the necessity of complying with any state or local bulk transfer laws or requirements.

28.    The Debtors shall file the proposed Sale Order approving the Sale(s) to the Successful Bidder(s) at least two (2) days prior to the Sale Hearing.

29.    In the event of any conflict between this Order and any applicable Qualified PA, the terms of this Order shall control.

30.    Any stay of this Order, whether arising from Bankruptcy Rules 6004 and/or 6006 or otherwise, is hereby expressly waived and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

31. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

*[Signature]*

**Dated: January 9th, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

01:24041250.2

4827-1461-6185 v.13

14