UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| FAIRWAY ENERGY, LP, *et al.*,[1] | § | Case No. 18-12684 (LSS) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | Ref. Docket Nos. 142 and 319 |

### ORDER (I) AUTHORIZING AND APPROVING WAIVER AND SECOND AMENDMENT TO SENIOR SECURED SUPERPRIORITY DEBTOR-IN-POSSESSION CREDIT AGREEMENT; AND (II) AMENDING THE FINAL DIP ORDER ON ACCOUNT OF SUCH AMENDMENT

Upon consideration of the motion (the "**Motion**") of the above-captioned debtors and debtors-in-possession for the entry of an order, pursuant to sections 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d) and 507(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1, 4001-2, 9006-1 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure for the District of Delaware (the "**Local Rules**") seeking, among other things, a supplemental order (this "**Supplemental Order**") (i) authorizing and approving the Debtors to execute and deliver and perform under that certain *Waiver and Second Amendment to Senior Secured Superpriority Debtor-In-Possession Credit Agreement* attached as Exhibit B to the Motion (the "**Second DIP Amendment**"), which, among other things, provides for an increase of $2 million in additional financing (the "**Additional Financing**") under the DIP Facility[2] (as defined in the DIP Credit

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, include: Fairway Energy, LP (4200); Fairway Energy Partners, LLC (7914); and Fairway Energy GP, LLC (7808). The location of the Debtors' service address is Three Riverway, Suite 1550, Houston, Texas 77056.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Final *Order Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (A) Authorizing the Debtors to (I) Use Cash Collateral, (II)*

Agreement); and (ii) amending the Final DIP Order on account of the Second DIP Amendment; and the Court having considered the Motion; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this matter is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief provided for in this Supplemental Order having been given in accordance with Paragraph 20(h) of the Final DIP Order and is adequate and appropriate under the particular circumstances; and the Court having determined that the Debtors entry into the Second DIP Amendment is an appropriate exercise of their business judgment; and all objections, if any, to the entry of this Supplemental Order having been withdrawn, resolved or overruled by the Court; and after due deliberation and it appearing that sufficient cause exists for granting the relief provided for herein and that such relief is in the best interest of the Debtors, their estates, and their creditors, **IT IS FOUND AND ORDERED THAT**:

1. The Motion is GRANTED as set forth herein. Any objections to the Motion with respect to entry of this Supplemental Order, to the extent not withdrawn, waived or otherwise resolved, and all reservation of rights included therein, are hereby denied and overruled.

2. Pursuant to sections 105, 361, 363, 364, 507, and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, and 9014, and Local Rule 4001-2, the Second DIP Amendment is hereby approved, and the Debtors are hereby authorized to enter into the Second DIP Amendment and to perform all acts, and to make, execute and deliver all instruments and

---

*Obtain Secured Superpriority Postpetition Financing and Granting Liens and Superpriority Postpetition Financing and Granting Liens and Superpriority Administrative Claims, (II) Provide Adequate Protection, and (B) Granting Related Relief* [Docket No. 142] (the "Final DIP Order").

documents in connection therewith that may be reasonably required or necessary for the performance of their obligations under the Second DIP Amendment.  The DIP Borrower is hereby authorized to borrow (and the DIP Guarantors are authorized to guarantee) the Additional Financing on the terms and conditions set forth in the DIP Credit Agreement (as amended, including by the Second DIP Amendment), the Final DIP Order and this Supplemental Order.

3. Good cause has been shown for entry of this Supplemental Order. The relief requested in the Motion is necessary, essential, and appropriate for the continued operation of the Debtors' business and the wind-down of these Chapter 11 Cases. It is in the best interest of the Debtors' estates that the DIP Borrower be allowed to borrow (and the DIP Guarantors be allowed to guarantee) the Additional Financing and to enter into the Second DIP Amendment.

4. The Debtors are unable to obtain the required additional financing in the form of (i) unsecured credit or unsecured debt allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense pursuant to section 364(a) or (b) of the Bankruptcy Code, (ii) unsecured debt having the priority afforded by section 364(c)(1) of the Bankruptcy Code, or (iii) secured debt under section 364(c)(2) or (3) of the Bankruptcy Code.  No other source of financing exists on terms more favorable than those offered in connection with the Additional Financing.

5. The terms of the Second DIP Amendment are fair and reasonable and reflect the Debtors' exercise of prudent business judgment consistent with its fiduciary duties and are supported by reasonably equivalent value and fair consideration. The Second DIP Amendment has been negotiated in good faith and at arm's length between the Debtors and the DIP Lenders. Consequently, the Additional Financing shall be deemed to have been extended by the DIP Lenders in good faith, as that term is used in section 364(e) of the Bankruptcy Code.

6. The DIP Budget (as defined in the Final DIP Order), is hereby replaced with the budget attached hereto as Exhibit 1 (the "**Supplemental DIP Budget**"). The Supplemental DIP Budget shall be subject to all of the terms and conditions contained in the Final DIP Order and this Supplemental Order.

7. The DIP Liens and DIP Superpriority Claim shall be, and hereby are extended to the Debtors' obligations under the Second DIP Amendment.

8. The Adequate Protection Liens and the Adequate Protection Superpriority Claim shall be, and hereby are extended to any Diminution in Value resulting from the Debtors' obligations under the Second DIP Amendment.

9. The terms of the Final DIP Order are incorporated herein and made a part of this Supplemental Order.

10. Except as expressly set forth in this Supplemental Order, the terms, provisions and conditions of, and relief granted by, the Final DIP Order are not altered and shall remain in full force and effect. All factual and other findings and conclusions of law contained in the Final DIP Order shall remain fully applicable, including with respect to the Additional Financing, except to the extent specifically modified herein.

11. In the event of any inconsistency among the provisions of this Supplemental Order, the Final DIP Order and the definitive documents related to the Additional Financing, including the Second DIP Amendment, the provisions of the Final DIP Order shall govern, except as expressly modified by this Supplemental Order.

12. Notwithstanding any applicable provision of the Bankruptcy Code and the Bankruptcy Rules, the terms, provisions and conditions of, and relief granted by, this Supplemental Order shall be effective immediately and enforceable upon its entry.

13. This Court shall retain jurisdiction to hear and determine any and all matters arising from or related to the interpretation or implementation of this Supplemental Order.

**Dated: April 23rd, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

5