**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FAIRWAY ENERGY, LP,** *et al.,*[1] | § | **Case No. 18-12684 (LSS)** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |
| | § | |
| | § | **Ref. Docket No. 375** |

**ORDER (I) SCHEDULING COMBINED HEARING ON APPROVAL OF DISCLOSURE
STATEMENT AND CONFIRMATION OF PLAN OF LIQUIDATION,
(II) CONDITIONALLY APPROVING DISCLOSURE STATEMENT,
(III) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF
VOTES ON PLAN, AND (IV) APPROVING RELATED MATTERS**

Upon the *Debtors' Motion for Entry of an Order (I) Scheduling Combined Hearing on Approval of Disclosure Statement and Confirmation of Plan of Liquidation, (II) Conditionally Approving Disclosure Statement, (III) Establishing Procedures for Solicitation and Tabulation of Votes on Plan, and (IV) Approving Related Matters* (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"); and having considered the Motion and representations of counsel; and the Court being satisfied that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby

**FOUND AND DETERMINED THAT:**

A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157,and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, include: Fairway Energy, LP (4200); Fairway Energy Partners, LLC (7914); and Fairway Energy GP, LLC (7808).  The location of the Debtors' service address is Three Riverway, Suite 1550, Houston, Texas 77056.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

01:24528400.2

B.      Venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

D.      This Court may enter a final order consistent with Article III of the United States Constitution.

E.      The Debtors have filed the *First Amended Joint Plan of Liquidation of the Debtors and Debtors in Possession Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 392] (together with all exhibits, and as it may be further amended, the "Plan") and *Disclosure Statement Under 11 U.S.C. § 1125 in Support of the First Amended Joint Plan of Liquidation of the Debtors and Debtors in Possession Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 393] (together with all exhibits, and as it may be further amended, the "Disclosure Statement").

F.       Notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given.

G.      The forms of Ballot attached hereto as Exhibit 2 comply with the applicable Bankruptcy Rules and provide adequate information to instruct all members of Classes 2 and 4 (the "Voting Classes") how to vote.

H.      Holders of interests in Class 5 (Interests) ("Interest Holders") are conclusively presumed to reject the Plan.  Accordingly, Interest Holders not entitled to vote or receive a Ballot, but only an Opt Out Election Form and Combined Hearing Notice.

I.       Ballots need not be provided to Holders of unclassified Claims, and Claims in Classes 1 and 3, as such Holders are unimpaired and are conclusively presumed to have accepted

01:24528400.2

the Plan in accordance with section 1126(f) of the Bankruptcy Code.  Accordingly, Holders of these Claims are entitled to receive a Combined Hearing Notice.

J.      The period, as set forth below, during which the Debtors may solicit acceptances of the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision regarding whether to accept or reject the Plan.

K.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

L.      The notice procedures set forth below provide due, proper, and adequate notice of the Combined Hearing, and procedures for filing objections or responses to the Disclosure Statement and Plan.

M.      The proposed timeline for the Combined Hearing complies with the Bankruptcy Code, Bankruptcy Rules, and Local Rules and will enable the Debtors to pursue confirmation of the Plan in a timely fashion.

N.      The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.

O.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      Any and all objections to the Motion not otherwise settled or withdrawn are hereby overruled.

01:24528400.2

3.      The Disclosure Statement is hereby approved on a conditional basis, and the Debtors are authorized to use the Disclosure Statement in the Solicitation Packages.

4.      A combined hearing shall be held on **July 17, 2019 at 11:00 a.m. (ET)** (the "Combined Hearing") to consider entry of an order, among other things, determining that the Disclosure Statement contains "adequate information" within the meaning ascribed to such term in section 1125 of the Bankruptcy Code, approving the Disclosure Statement, and to consider the confirmation of the Plan.

5.      Objections to the adequacy of the Disclosure Statement and confirmation of the Plan, if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification to the Plan to cure such Objection, and (iv) be filed, together with proof of service, with the Court and served so as to be actually received no later than **4:00 p.m. (ET) on July 8, 2019** (the "Objection Deadline"), by: (i) counsel for the Debtors, Patrick L. Hughes and Martha Wyrick, Haynes and Boone LLP, 1121 McKinney Street, Suite 2100, Houston, Texas 77010, patrick.hughes@haynesboone.com and martha.wyrick@haynesboone.com and Edmon L. Morton, Kenneth J. Enos, and Elizabeth S. Justison, Young Conaway Stargatt & Taylor LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, emorton@ycst.com, kenos@ycst.com, and ejustison@ycst.com; David Turetsky, Andrew Zatz, and John J. Ramirez, White & Case, LLP, 1221 Avenue of the Americas, New York, NY 10020-1095, david.turetsky@whitecase.com; azatz@whitecase.com; and john.ramirez@whitecase.com; and (iii) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda Richenderfer, linda.richenderfer@usdoj.gov.

01:24528400.2

6.      Objections to the adequacy of the Disclosure Statement and/or to the confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above may not be considered.

7.      The Combined Hearing Notice substantially in the form annexed hereto as Exhibit 1 (the "Combined Hearing Notice") is hereby approved.

8.      The Debtors are authorized to publish the Combined Hearing Notice, as modified for publication, in the national edition of *The New York Times* or *USA Today*.

9.      The form of Ballots attached hereto as Exhibit 2 are hereby approved and the Balloting Agent is authorized to accept Ballots either by (a) regular mail (facilitated by a return envelope that the Debtors will provide with each Ballot), (b) overnight courier to the Balloting Agent, or (c) personal delivery.  Additionally, the Balloting Agent is hereby authorized to accept Ballots via electronic, online transmissions through a customized online balloting portal on the Debtors' case website maintained by the Balloting Agent.

10.     To be counted as a vote to accept or reject the Plan, all Ballots must be properly executed, completed, and cast so as to be actually received by no later than **4:00 p.m. (ET) on July 8, 2019** (the "Voting Deadline").

11.     For the purpose of determining Creditors entitled to vote on the Plan, the record date for purposes of voting shall be **May 29, 2019** (the "Record Date").

12.     The Debtors shall complete the mailing of Solicitation Packages by no later than seven (7) business days after the entry of this Solicitation Procedures Order (the "Solicitation Date").

13.     Solicitation Packages distributed to Creditors in the Voting Classes shall contain: (a) the Notice of Combined Hearing; (b) the Disclosure Statement (with all exhibits, including

the Plan) in electronic format (i.e., on a CD-ROM or flash drive); (c) this Solicitation Procedures Order in paper or CD format; (d) an approved Ballot; and (e) a pre-addressed return envelope for use in returning the Ballot to the Balloting Agent.

14.     The Debtors shall mail or cause to be mailed by first-class mail to Interest Holders an Opt Out Election Form in the form attached hereto as Exhibit 3.

15.     The Opt Out Election Form is hereby approved.

16.     The deadline for objecting to Claims for voting purposes is hereby set for **June 14, 2019** (the "Deadline to Objection to Claims for Voting Purposes").

17.     By the Solicitation Date, the Debtors shall distribute, or cause to be distributed, the Combined Hearing Notice to all parties included on the Debtors' creditor matrix and the list of parties that have requested notice pursuant to Bankruptcy Rule 2002, including, but not limited to: (a) the U.S. Trustee; (b) non-voting Classes; (c) parties to Executory Contracts; (d) parties to litigation with the Debtors; (e) current and former officers, directors, and employees; (f) regulatory authorities that regulate the Debtors; (g) the United States Attorney's Office for the District of Delaware and each state in which Debtors conduct business; (h) taxing authorities for jurisdictions in which Debtors maintain or conduct business; and (i) parties that have filed proofs of claim.

18.     The Debtors shall make the Plan and Disclosure Statement, the Combined Hearing Notice, and this Order available in electronic format online at https://cases.primeclerk.com/fairwayenergy/Home-DocketInfo.

19.     The Debtors shall not be required to distribute Ballots to any party not entitled to vote on the Plan pursuant to this Order, unless such party files a motion for temporary allowance of a claim under Bankruptcy Rule 3018 on or before **July 1, 2019.**

01:24528400.2

20.     If a claimant holds more than one Claim in a Voting Class, the Debtors shall mail each voting claimant a single Ballot on behalf of all Claims held by such claimant in a particular Class of Claims.  Any party that has more than one Claim within the same Voting Class shall be entitled to one (1) vote for numerosity purposes in the aggregate dollar amount of all said Claims.  A Holder of more than one Claim within the same Voting Class must vote all of its Claims either to accept or reject the Plan.

21.     The Debtors are authorized to make non-substantive modifications to the Disclosure Statement, Plan, Combined Hearing Notice, Solicitation Packages, Ballots, Opt Out Election Forms, and related documents without further order of the Court, including modifications to correct typographical and grammatical errors, if any, before distribution; *provided*, *however*, that any such non-substantive modifications shall be provided to the U.S. Trustee.

22.     The following procedures shall apply for tabulating votes:

a)  Except with respect to Class 2, if no proof of claim has been timely filed, the vote amount of a Claim shall be equal to the amount listed for the particular Claim in the Schedules, as and if amended, to the extent such Claim is not listed as contingent, unliquidated, or disputed, and the Claim shall be placed in the appropriate Class, based on the Debtors' records, and consistent with the Schedules;

b)  If a proof of claim has been timely filed, and has not been objected to before the expiration of the Deadline to Object to Claims for Voting Purposes, the vote amount of that Claim shall be as specified in the proof of claim filed with the Clerk of the Court or Prime Clerk;

c)  If a proof of claim contains any amount that is either unliquidated, disputed or unknown as determined by the Debtors in their reasonable discretion, then any vote cast on account of such Claim shall only be tabulated (i) with respect to the liquidated amount set forth in the proof of claim, as determined by the Debtors in their reasonable discretion, or (ii) $1.00 if no portion of the Claim is determined to be liquidated;

d)  Subject to subparagraph (e) below, a Claim that is the subject of an objection filed before the Deadline to Object to Claims for Voting Purposes shall be disallowed for

01:24528400.2

voting purposes, except to the extent and in the manner that the Debtors indicated in any objection or other pleading that the Claim should be allowed for voting or other purposes; *provided*, *however*, that the holder of such Claim may file a response to such objection no later than ten (10) days after the filing thereof, in which case this Court shall determine the amount of the Claim for voting or other purposes;

e)  If a Claim has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, the vote amount and classification shall be that set by the Bankruptcy Court;

f)  If a Creditor or its authorized representative did not use the Ballot provided by the Debtors, the Official Ballot Form authorized under the Federal Rules of Bankruptcy Procedure, or a substantially similar form of ballot, such Ballot will not be counted;

g)  If the Ballot is not received by the Balloting Agent (Prime Clerk) on or before the Voting Deadline at the place fixed by the Bankruptcy Court, the Ballot will not be counted;

h)  If the Ballot is not signed by the Creditor or its authorized representative, the Ballot will not be counted;

i)  If the Ballot partially accepts and partially rejects the Plan, the Ballot will not be counted;

j)  If the individual or institution casting the Ballot (whether directly or as a representative) was not the Holder of a Claim on the Record Date, the Ballot will not be counted;

k)  If the Creditor or its authorized representative did not check one of the boxes indicating acceptance or rejection of the Plan, or checked both such boxes, the Ballot will not be counted; and

l)  Whenever a Creditor (or its authorized representative) submits more than one Ballot voting the same Claim(s) before the Voting Deadline, except as otherwise directed by the Bankruptcy Court after notice and a hearing, the last such Ballot shall be deemed to reflect the Creditor's intent and shall supersede any prior Ballots.

23.    All questions concerning the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots will be determined by the Debtors in the first instance and resolved by this Court in the event of a dispute.

24.    The Debtors may allow any claimant who submits a properly completed Ballot to withdraw such Ballot on or before the Voting Deadline.  In the event the Debtors do permit such

01:24528400.2

withdrawal, the claimant, for cause, may change or withdraw its acceptance or rejection of the Plan in accordance with Bankruptcy Rule 3018(a). To be valid, a notice of withdrawal must: (a) contain the description of the Claim(s) to which it relates and the aggregate principal amount represented by such Claim(s); (b) be signed by the Creditor (or its authorized representative) in the same manner as the Ballot; and (c) be received by the Balloting Agent in a timely manner at the address set forth in the Disclosure Statement for the submission of Ballots. Notwithstanding anything contained in this Order to the contrary, the Balloting Agent, in its discretion, may, but is not required to, contact voters to cure any defects in the Ballots and is authorized to so cure any defects. Subject to any contrary order of the Court and except as otherwise set forth in this Order, the Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Balloting Agent.

25.    The Debtors may, but are not required to, file a reply to any objections to the Disclosure Statement or the Plan and/or file any brief in support of confirmation of the Plan on or prior to July 15, 2019 at 12:00 NOON (ET).

26.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

01:24528400.2

27.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order, including the authority to impose sanctions on any person that violates this Order.

**Dated: May 29th, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

01:24528400.2