# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re** | § | **Chapter 11** |
| | § | |
| **FAIRWAY ENERGY, LP, *et al.*,**[1] | § | **Case No. 18-12684 (LSS)** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT PURSUANT TO SECTIONS 1125 AND 1126(c) OF THE BANKRUPTCY CODE AND (II) CONFIRMING THE CHAPTER 11 PLAN OF LIQUIDATION OF FAIRWAY ENERGY, LP AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION

Fairway Energy, LP ("Fairway Energy") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases") having proposed and filed (A) the *First Amended Joint Plan of Liquidation of the Debtors and Debtors in Possession Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 392] (as may be amended, modified or supplemented from time to, time, the "Plan"), attached hereto as Exhibit A,[2] and (B) the *Disclosure Statement Under 11 U.S.C. § 1125 in Support of the First Amended Joint Plan of Liquidation of the Debtors and Debtors in Possession Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 406] (as may be amended, modified or supplemented from time to time, the "Disclosure Statement"), and having filed the *Debtors' Motion for Entry of an Order (I) Scheduling Combined Hearing on Approval of Disclosure Statement and Confirmation of Plan of Liquidation, (II) Conditionally Approving Disclosure Statement, (III) Establishing Procedures for Solicitation and Tabulation of Votes on Plan, and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, include: Fairway Energy, LP (4200); Fairway Energy Partners, LLC (7914); and Fairway Energy GP, LLC (7808). The location of the Debtors' service address is 1000 Louisiana, Suite 1450, Houston, Texas 77002.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion or the Plan.

*(IV) Approving Related Matters* [Docket No. 375] (the "<u>Motion</u>"); and the Court, on May 29, 2019, having entered an order (the "<u>Scheduling Order</u>") (i) scheduling a combined hearing on approval of the  Disclosure Statement and the Plan, (ii) conditionally approving the Disclosure Statement, (iii) establishing procedures for solicitation and tabulation of votes on the Plan (the "<u>Voting Procedures</u>"), (iv) approving the procedures for objecting to the adequacy of the Disclosure Statement and confirmation of the Plan, and (v) approving the form and manner of notice of the combined hearing (and together with clause (iv), the "<u>Notice and Objection Procedures</u>")[Docket No. 397]; and the Court having considered the *Debtors' Memorandum of Law in Support of Entry of an Order Confirming Joint Chapter 11 Plan of Liquidation of Fairway Energy and its Affiliated Debtors and Debtors in Possession* (the "<u>Confirmation Brief</u>") [Docket No. 486], the *Declaration of Gary Barton in Support of Confirmation of the Debtors' Plan* (the "<u>Barton Declaration</u>") [Docket No. 482], and the *Declaration of Robert M. Flavin in Support of Confirmation of the Debtors' Plan* (the "<u>Flavin Declaration</u>") [Docket No. 481], and *the Declaration of Balloting Results by James Daloia of Prime Clerk, LLC* [Docket No. 483] (the "<u>Balloting Agent</u>"), each filed by the Debtors in advance of the Combined Hearing (as defined below); and the Court having held a hearing on July 17, 2019 to consider the adequacy of the Disclosure Statement and confirmation the Plan (the "<u>Combined Hearing</u>"); and upon the arguments of counsel and the evidence proffered and adduced at the Combined Hearing; and the Court having found and determined that the Disclosure Statement should be approved and the Plan should be confirmed as reflected by the Court's rulings made herein and at the Combined Hearing; and the Court having admitted into the record and considered evidence at the Combined Hearing; and the Court being familiar with the entire record of the Chapter 11 Cases; and after due deliberation thereon and good and sufficient cause appearing therefor, the Court hereby

01:24714149.3
4834-5166-6332 v.1

FINDS, DETERMINES, AND CONCLUDES on the date this Order is entered (the "Confirmation Date") that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    Findings and Conclusions.  The findings and conclusions set forth herein and in the record of the Combined Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    Jurisdiction: Venue: Core Proceeding (28 U.S.C. §§ 157(6)(2) and 1334(a)).  This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Approval of the Disclosure Statement, the Notice and Objection Procedures, the Voting Procedures and confirmation of the Plan are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and 28 U.S.C. § 1334.  This Court has jurisdiction to enter a final order with respect thereto. This Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

C.    Chapter 11 Petitions.  On November 26, 2018 (the "Petition Date"), each Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases pursuant to section 1104 of

3

the Bankruptcy Code.  No committee of unsecured creditors or other statutory committee has been appointed under section 1102 of the Bankruptcy Code.  Further, in accordance with an order of this Court, the Chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

D.  <u>Solicitation</u>.  In accordance with the Voting Procedures and the Scheduling Order, the Debtors have properly solicited votes on the acceptance or rejection of the Plan for the impaired classes entitled to vote on the Plan.

E.  <u>Notice</u>.  The Debtors have caused the Balloting Agent to distribute the Disclosure Statement, the Plan, the Combined Hearing Notice, the Solicitation Packages, the Ballots, the Opt Out Election Forms, and related documents to Holders of Claims and Interests in Classes 1 to 5 in accordance with the Scheduling Order.  *See Affidavit/Declaration of Mailing of Prime Clerk* [Docket Nos. 428 and 445] (the "<u>Mailing Affidavit</u>").  The contents of the Solicitation Packages comply with the requirements of Bankruptcy Rules 2002 and 3017 and have been approved.  The Debtors have also caused Prime Clerk to distribute the Disclosure Statement, the Plan, and the Solicitation Packages to the parties included on the Debtors' consolidated list of twenty (20) largest unsecured creditors, the U.S. Trustee, and all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases as of the date of the Scheduling Order.  *See* Mailing Affidavit.  The Plan and Disclosure Statement were also distributed by the Debtors to counterparties on the Debtors' leases and executory contracts.  The Plan and Disclosure Statement were distributed by the Debtors to holders of Claims and Interests solely for the purposes of providing postpetition disclosure pursuant to section 1125 of the Bankruptcy Code so that holders of Claims and Interests could determine whether to object to Confirmation of the Plan and, in the case of holders of Interests in

4

Class 5, whether to opt out of the release provisions contained in Article 10.2.3 of the Plan (such releases, the "Third Party Releases").  To the extent in limited instances mail was returned as undeliverable, the Debtors instituted procedures to attempt to locate alternative addresses, which for all Interest Holders in Class 5 were successfully transmitted.  Such transmittal and service were adequate and sufficient under the circumstances and no other or further notice is or shall be required.

       F.     <u>Mailing and Publication of Combined Hearing Notices</u>.  On or around June 3, 2019, the Debtors caused: (i) the Combined Hearing Notice to be mailed to (a) holders of Claims or Interests, (b) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases, (c) state and local taxing authorities for states and localities in which the Debtors did business, (d) the Internal Revenue Service, (e) the Securities and Exchange Commission, (f) the United States Attorney for the District of Delaware, (g) all counterparties to executory contracts and leases, (h) the U.S. Trustee, (i) all federal and state authorities that regulate any aspect of the Debtors' business, and (j) all persons or entities listed on the Debtors' creditor mailing matrix; (ii) the Solicitation Packages to the Holders of Claims in Classes 2 and 4, and (iii) the Notices of Non-Voting Status and Non-Debtor Release Consent Election, attached to the Motion as Exhibit 3, to be mailed to all Holders of Claims and Interests.  *See* Mailing Affidavit.  The forms of the Combined Hearing Notice, Ballots, Release Opt Out Form, and other documents in the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and were previously approved.  Additionally, the Debtors also published a notice (the "Publication Notice") substantially similar to the Combined Hearing Notice in the *New York Times* on June 12, 2019.  *See Certificate of Publication of Combined Hearing Notice (The New York Times)* [Docket No. 441].  Publication of the Publication Notice

5

was in substantial compliance with Bankruptcy Rule 2002(1) and the Scheduling Order.  The Debtors have given proper, adequate and sufficient notice of the hearing to approve the Plan as required by Bankruptcy Rules 3017(a) and 3018.  The Debtors have given proper, adequate and sufficient notice of the Combined Hearing as required by Bankruptcy Rule 3017(d).  Due, adequate, and sufficient notice of the Disclosure Statement and the Plan, along with deadlines for filing objections to the Plan and the Disclosure Statement, has been given to all known holders of Claims and Interests.  No other or further notice is or shall be required.

G.     Objections.  All parties have had a full and fair opportunity to litigate all issues raised by objections to confirmation of the Plan. No objections were filed.

H.     Adequacy of Disclosure Statement.  The information contained in the Disclosure Statement as provisionally approved under the Scheduling Order is determined to have contained adequate information as that term is defined in section 1125(a) of the Bankruptcy Code and complies with any additional requirements of the Bankruptcy Code and the Bankruptcy Rules, as well as with applicable non-bankruptcy law, regarding the Debtors so that parties entitled to vote could make an informed decision as to whether to object or reject the Plan, or if applicable, provide the Third Party Release. The Disclosure Statement complies with the requirements of Bankruptcy Rule 3016(c) by sufficiently describing in specific and conspicuous bold language the provisions of the Plan that provide for releases and injunctions against conduct not otherwise enjoined under the Bankruptcy Code and sufficiently identifies the persons and entities that are subject to the releases and injunctions.

I.     Voting.  All procedures used to tabulate the Ballots were fair and conducted in accordance with the Scheduling Order, the Bankruptcy Code, the Bankruptcy Rules, the Local

01:24714149.3
4834-5166-6332 v.1

Rules, and all other applicable rules, laws, and regulations.   As evidenced by the Flavin Declaration, Class 2 and Class 4 each voted to accept the Plan.

J.      Effectiveness of the Sale.   On April 11, 2019, the Court entered the *Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing and Approving the Debtors' Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith, and (C) Granting Related Relief* [Docket No. 330] (the "Sale Order"), pursuant to which the Court approved the sale (the "Sale") of substantially all of the Debtors' assets to Fairway New Co LLC (the "Purchaser"), an entity formed by the Prepetition Lenders and the DIP Lender for the sole purpose of acquiring the Purchased Assets.  The Sale Order has become a Final Order, and the Sale closed on May 31, 2019.

K.      Bankruptcy Rule 3016. The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).   The filing of the Disclosure Statement on the docket of the Chapter 11 Cases simultaneously with the Plan satisfied Bankruptcy Rule 3016(b).

L.      Burden of Proof.   As more fully set forth herein, the Debtors, as proponents of the Plan, have met their burden of proving each of the elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for confirmation of the Plan.  The evidentiary record of the Combined Hearing supports the findings of facts and conclusions of law set forth in the following paragraphs.

M.      Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(l)).   The Plan satisfies section 1129(a)(l) of the Bankruptcy Code because it complies with the applicable provisions of the Bankruptcy Code.  In particular, the Plan complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code as follows:

7

i.        Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)).  Article 3 of the Plan adequately and properly identifies and classifies all Claims and Interests.  The Plan designates four (4) Classes of Claims and one (1) Class of Interests.  The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class, and such classification therefore satisfies section 1122 of the Bankruptcy Code. Valid business, factual, and legal reasons exist for the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims or Interests.  Thus, the Plan satisfies sections 1122 and 1123(a)(l) of the Bankruptcy Code.

ii.        Specified Treatment of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  The Plan specifies in Article 3 that Class 1 (Priority Non-Tax Claims) and Class 3 (Allowed Other Secured Claims) are Unimpaired under the Plan within the meaning of section 1124 of the Bankruptcy Code, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

iii.        Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  The Plan specifies in Article 3 that Class 2 (Allowed Prepetition Credit Agreement Secured Claims), Class 4 (Allowed General Unsecured Claims) and Class 5 (Interests) are Impaired under the Plan within the meaning of section 1124 of the Bankruptcy Code and sets forth the treatment of the Impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

iv.        No Discrimination (11 U.S.C. § 1123(a)(4)).  Article 5 of the Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest. Accordingly, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

01:24714149.3
4834-5166-6332 v.1

v.    <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>.  Article 7 of the Plan provides adequate and proper means for implementation of the Plan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

vi.    <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))</u>.  Article 7 of the Plan provides that each Liquidating Debtor shall be liquidated and dissolved to satisfy the provisions of the Plan and the Bankruptcy Code, including section 1123(a)(6).  Accordingly, the Plan satisfies section 1123(a)(6) of the Bankruptcy Code.

vii.    <u>Selection of Officers and Directors (11 U.S.C. § 1123(a)(7))</u>.  The Debtors have identified the proposed Plan Administrator who shall replace the directors and officers of the Liquidating Debtors.  Officers of each of the Debtors immediately prior to the Effective Date will resign on the Effective Date.  This administration of the Debtors is consistent with the interests of holders of Claims and Interests and with public policy and, thus, satisfies section 1123(a)(7) of the Bankruptcy Code.

viii.    <u>Impairment/Unimpairment of Classes of Claims and Interests (11 U.S.C. § 1123(b)(l))</u>.  In accordance with section 1123(b)(l) of the Bankruptcy Code and pursuant to section 1124 of the Bankruptcy Code, Articles 3 and 5 of the Plan classify and describe the treatment for the Unimpaired Classes and the Impaired Classes.

ix.    <u>Assumption and Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2))</u>.  In accordance with section 1123(b)(2) of the Bankruptcy Code, Article 9 of the Plan provides for the assumption, assumption and assignment, or rejection, if applicable, of the Executory Contracts and Unexpired Leases of the Debtors that have not been previously assumed or assumed and assigned pursuant to section 363 and 365 of the Bankruptcy Code by the Sale Order.  Unless specifically assumed and assigned prior to the Effective Date of

9

the Plan, including under the Sale Order, all contracts and leases, if any, shall be deemed rejected as of the Effective Date.

x.      Preservation of Causes of Action.  Because all Causes of Action were sold to the Purchaser under the PSA and approved by the Sale Order, the Liquidating Debtors shall not retain and may not enforce any rights to commence or pursue any Causes of Action, whether arising before or after the Petition Date.

xi.      Modification of Rights (11 U.S.C. § 1123(b)(5)).  The Plan modifies the rights of holders of Claims in Class 2 (Allowed Prepetition Credit Agreement Secured Claims) Class 4 (Allowed General Unsecured Claims), and Interests in Class 5 (Interests), and leaves Unimpaired the rights of holders of Claims in Class 1 (Allowed Priority Non-Tax Claims) and Claims in Class 3 (Allowed Other Secured Claims).

xii.      Additional Plan Provisions (11 U.S.C. § 1123(b)(6)).  In accordance with section 1123(b)(6) of the Bankruptcy Code, the Plan includes additional provisions that are appropriate and consistent with the applicable provisions of the Bankruptcy Code and applicable law, including the release, discharge, injunction, and exculpation provisions set forth in Article 10 of the Plan.

xiii.      Debtors Are Not Individuals (11 U.S.C. § 1123(c)). The Debtors are not individuals and section 1123(c) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

xiv.      Cure of Defaults (11 U.S.C. § 1123(d)).  In accordance with section 1123(d) of the Bankruptcy Code, the Sale Order previously provided for the satisfaction of cure claims associated with each Executory Contract or Unexpired Lease that was assumed pursuant

01:24714149.3
4834-5166-6332 v.1

to the PSA and under the Sale Order in accordance with sections 363 and 365(b)(1) of the Bankruptcy Code.

N.    Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).    The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Scheduling Order, and other orders of this Court, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.  In particular, the Debtors are proper debtors under section 109 of the Bankruptcy Code.  The Debtors are also proper proponents of the Plan pursuant to section 1121(a) of the Bankruptcy Code.  The Debtors, as proponents of the Plan, complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126(b) of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Scheduling Order in transmitting the Plan, the Disclosure Statement, the Ballots and related documents and notices regarding the Plan and in soliciting and tabulating the votes on the Plan.

O.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  The Debtors have proposed the Plan in good faith, for proper purposes, and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the formulation of the Plan and all modifications thereto.  The Plan was negotiated and proposed with the intention of resolving these Chapter 11 Cases, and for no ulterior purpose.  The Debtors' good faith is evident from the facts and records of the Chapter 11 Cases, the Disclosure Statement, the Plan, the record of the Combined Hearing and the other proceedings in these Chapter 11 Cases. The Plan has been proposed with the legitimate and honest purpose of implementing a chapter 11 liquidation of the Debtors and maximizing the value of the Estates to achieve the best interests of the Debtors' Creditors. The

11

Debtors and their agents, successors, predecessors, control persons, partners, members, officers, directors, employees and agents and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons (i) acted in good faith in negotiating, formulating, and proposing, where applicable, the Plan, and the transactions approved by the Sale Order and (ii) will be acting in good faith in proceeding to (a) consummate the Plan, and the transactions, transfers, and documentation contemplated by the Plan and (b) take any actions authorized and directed or contemplated by this Confirmation Order.  Thus, the Plan satisfies the requirements of section 1129(a)(3) of the Bankruptcy Code.

P.       Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).  The procedures set forth in the Plan for the Court's review and ultimate determination of the fees and expenses to be paid by the Debtors in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, satisfy the objectives of, and are in compliance with, section 1129(a)(4) of the Bankruptcy Code.

Q.       Board of Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).  The Debtors have sufficiently disclosed appointment of the Plan Administrator from and after the Effective Date in substitution for the management and board of directors for the Liquidating Debtors, including that no insider that will be employed or retained by the Liquidating Debtors and that no compensation that will be received by any insider of the Debtors.  The appointment to, or continuance in, such office of each individual, and the methods established therefore, are consistent with the interests of holders of Claims and Interests, and with public policy. Therefore, section 1129(a)(5) of the Bankruptcy Code is satisfied with respect to the Plan.

R.      No Rate Changes (11 U.S.C. § 1129(a)(6)). Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

S.      Best Interests Test (11 U.S.C. § 1129(a)(7)). The liquidation analysis described in, and attached as Exhibit 2 to the Disclosure Statement, together with the Flavin Declaration, the Barton Declaration, and other evidence proffered or adduced at the Combined Hearing (i) are persuasive and credible, (ii) are based upon reasonable and sound assumptions, (iii) provide a reasonable estimate of the liquidation values of the Debtors in the event the Debtors were liquidated under Chapter 7 of the Bankruptcy Code, (iv) have not been controverted by other evidence or challenge and in any of the objections (if any) to confirmation of the Plan, and (v) establish that each holder of a Claim or Interest in an Impaired Class that is deemed to reject the Plan will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date. Therefore, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

T.      Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Classes 1 and 3 are Unimpaired by the Plan and, therefore, under section 1126(f) of the Bankruptcy Code, such Classes are conclusively presumed to have accepted the Plan. Classes 2 and 4 are each impaired and eligible to vote on the Plan. Class 2 voted to accept the Plan and was comprised of noninsider Allowed Claims. Class 4 voted by more than one half in number and more than two thirds in amount to accept the Plan. Accordingly, Bankruptcy Code section 1129(a)(8) has been satisfied with respect to Classes 1 through 4. Class 5 is deemed to reject the Plan pursuant to

01:24714149.3
4834-5166-6332 v.1

Bankruptcy Code section 1126(g), but, as found below, the Plan is confirmable under Bankruptcy Code section 1129(b) notwithstanding the rejection by such Class.

U.    Treatment of Administrative, Priority and Secured Tax Claims and Priority Non-Tax Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Expense Claims and Priority NonTax Claims under the Plan satisfies the requirements of section 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Priority Tax Claims under the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

V.    Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)). Because Impaired Classes of Claims in Classes 2 and 4 voted to accept the Plan, section 1129(a)(10) of the Bankruptcy Code is satisfied with respect to the Plan.

W.    Feasibility (11 U.S.C. § 1129(a)(11)). The evidence provided in support of Confirmation establishes that the Wind Down Amount will be sufficient to enable the Plan Administrator to perform the duties and functions outlined under the Plan and to satisfy post-Effective Date obligations. Furthermore, reasonable, persuasive, and credible evidence proffered or adduced at the Confirmation Hearing establishes that the Plan is feasible. Finally, given that the Plan provides for the eventual dissolution of each of the Liquidating Debtors and contemplates the liquidation or other final administration of all the Debtors' property, confirmation of the Plan is not likely to be followed by the need for further financial reorganization. Therefore, the Plan satisfies section 1129(a)(l1) of the Bankruptcy Code.

X.    Payment of Fees (11 U.S.C. § 1129(a)(12)). The Debtors have paid or, pursuant to the Plan, will pay by the Effective Date, fees payable under 28 U.S.C. § 1930, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

01:24714149.3
4834-5166-6332 v.1

Y.    Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(13)-(16)).  Sections 1129(a)(13)-(16) are inapplicable as the Debtors (i) do not have retiree benefit obligations (1129(a)(13)), (ii) have no domestic support obligations (1129(a)(14)), (iii) are not individuals (1129(a)(15)), and (iv) are for-profit businesses (1129(a)(16)).

Z.    Section 1129(b); Confirmation of Plan over Nonacceptance of Impaired Classes. Holders of Interests in Class 5 are deemed to have rejected the Plan (the "Rejecting Class").  All the requirements of section 1129(a) of the Bankruptcy Code, other than section 1129(a)(8) with respect to such Class, have been met.  Notwithstanding the fact that the Rejecting Class rejected the Plan and thus section 1129(a)(8) is not satisfied with respect to such Class, the Plan may be confirmed pursuant to section 1129(b)(l) of the Bankruptcy Code because the Plan does not discriminate unfairly and is fair and equitable with respect to the Rejecting Class. After entry of this Confirmation Order and upon consummation of the Plan, the Plan shall be binding upon the members of the Rejecting Class.

AA.    The Plan does not unfairly discriminate because members within each Class are treated similarly.  Accordingly, the Plan does not discriminate unfairly with respect to the Rejecting Class or any other Class of Claims.

BB.    The Plan is fair and equitable with respect to the Rejecting Class, because, in accordance with Bankruptcy Code section 1129(b)(2)(8) and (C), there are no holders of Claims or Interests junior to the holders of Class 5 who will receive or retain any property under the Plan.  Moreover, pursuant to the Plan, no holders of Claims against the Debtors in Class 4 senior to the Rejecting Class 5 Interests are receiving more than full payment on account of such Claims against the Debtors.  Accordingly, the Plan is fair and equitable and does not discriminate

unfairly, as required by section 1129(b) of the Bankruptcy Code and may be confirmed under Bankruptcy Code section 1129(b) notwithstanding the Rejecting Class's rejection of the Plan.

CC.    <u>Liquidation Analysis</u>.    The Liquidation Analysis attached as Exhibit 2 to the Disclosure Statement (and the supporting evidence adduced at the Combined Hearing) (i) is reasonable, persuasive, and credible as of the date such analysis was prepared (or such evidence as presented or proffered); (ii) uses reasonable and appropriate methodologies and assumptions; and (iii) demonstrates that because the Debtors have no Assets after closing of the Sale for distribution to creditors under the Plan other than the Wind Down Amount, Debtors' Creditors will receive a greater Distribution under the Plan from the Wind Down Amount than a hypothetical liquidation under chapter 7 of the Bankruptcy Code All parties in interest have been given the opportunity to challenge the Liquidation Analysis.

DD.    <u>Only One Plan (11 U.S.C. § 1129(c))</u>.    Only one Plan is being sought to be confirmed in the Chapter 11 Cases.  Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

EE.    <u>Principal Purpose of Plan (11 U.S.C. § 1129(d))</u>.    The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).  Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

FF.    <u>Small Business Case (11 U.S.C. § 1129(e))</u>.    Section 1129(e) is inapplicable because these Chapter 11 Cases do not qualify as small business cases thereunder.

GG.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.    Based on the record before the Court, the Debtors and their agents, successors, predecessors, control persons, partners, members, officers, directors, employees and agents and their respective attorneys, financial

16

advisors, investment bankers, accountants, and other professionals retained by such persons, in each case, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and therefore are not, and on account of such offer, issuance and solicitation will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and, to the extent such parties are listed therein, the exculpation provisions set forth in Article 10.4 of the Plan and Disclosure Statement.

HH.    Satisfaction of Confirmation Requirements.  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

II.    Releases and Discharges.  This Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the injunctions, exculpations, and releases set forth in Article 10 of the Plan.  Each of the injunctions and releases set forth in Article 10 of the Plan are fair and necessary to the Plan, thereby satisfying the requirements of *In re Continental Airlines, Inc.*, 203 F.3d 203, 214 (3d Cir. 2000), and other applicable case law.  The releases set forth in Article 10 of the Plan are consensual and approved.  This Court's findings of fact to support the approval of the Plan's injunctions and releases provisions are based on the record established at the Combined Hearing, including the Flavin Declaration.

17

01:24714149.3
4834-5166-6332 v.1

JJ.    <u>Plan Conditions to Consummation</u>.  Each of the conditions to the Effective Date, as set forth in Article 6 of the Plan, is reasonably likely to be satisfied or waived in accordance with the terms of the Plan.

KK.    <u>Waiver of Stay</u>.  Given the facts and circumstances of these Chapter 11 Cases, good cause exists for the waiver of the stay of effectiveness of this Confirmation Order imposed by Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, 8001, 8002 or otherwise.

LL.    <u>Retention of Jurisdiction</u>.  The Court retains jurisdiction over the matters set forth in Article 11.4 of the Plan.

## DECREES

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

### General Provisions

1.    The findings and conclusions set forth above are hereby incorporated by reference as though fully set forth herein.  The Court's findings of fact and conclusions of law set forth in the Court's prior orders remain in full force and effect.

### Confirmation of Plan and Related Matters

2.    <u>Approval of Disclosure Statement</u>.  Pursuant to Bankruptcy Rule 3017(b), the provisionally approved Disclosure Statement is fully and finally approved under Bankruptcy Code sections 1125(a) and 1125(g).

3.    <u>Solicitation</u>.  The Debtors have complied with the solicitation of votes on the Plan in accordance with the Scheduling Order, sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Local Rules, all other applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations.

18

4.      <u>Ballots</u>.  The forms of Ballots annexed as Exhibit 2 to the Scheduling Order were in compliance with Bankruptcy Rule 3018(c), and, as modified, substantially conform to Official Form Number 14, and are approved in all respects.

5.      <u>Confirmation</u>.  The Plan, as attached hereto as <u>Exhibit A</u> and only as modified by this Confirmation Order, including all provisions thereof and any exhibits attached thereto, is approved and confirmed under section 1129 of the Bankruptcy Code.

6.      <u>Confirmation Order Binding on All Parties</u>.  Subject to the provisions of the Plan and Bankruptcy Rule 3020(e), in accordance with section 1141(a) of the Bankruptcy Code and notwithstanding any otherwise applicable law, upon the occurrence of the Effective Date, the terms of the Plan and this Confirmation Order shall be binding upon, and inure to the benefit of: (a) the Debtors; (b) the Liquidating Debtors and Plan Administrator; (c) any and all holders of Claims or Interests (irrespective of whether such Claims or Interests are Impaired under the Plan or whether the holders of such Claims or Interests are deemed to have accepted or rejected the Plan or have been released under the Plan); (d) any other person giving, acquiring or receiving property under the Plan; (e) any and all non-Debtor parties to executory contracts or unexpired leases with any of the Debtors; and (f) the respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors or assigns, if any, of any of the foregoing.  Except as otherwise set forth in the Plan, on the Effective Date, all releases, waivers, discharges, exculpations and injunctions set forth in the Plan shall be effective and binding on all Persons who may have had standing to assert any released, discharged, exculpated or enjoined causes of action, and no other Person or entity shall possess such standing to assert such causes of action after the Effective Date.

19

7.    <u>Notice</u>. Notice of the Plan, the exhibits thereto (and all amendments and modifications thereto), the Disclosure Statement, and the Combined Hearing was proper and adequate.

8.    <u>Objections to the Plan Are Overruled</u>.    All objections, responses, statements, comments, and all reservations of rights that have not been withdrawn, waived or settled, pertaining to final approval of the Disclosure Statement or the confirmation of the Plan are OVERRULED in their entirety, on the merits, and with prejudice, and all withdrawn objections or responses are hereby deemed withdrawn with prejudice.

9.    <u>Authorization and Effectiveness of All Actions</u>.    All actions contemplated by the Plan are hereby authorized and approved in all respects (subject to the provisions of the Plan). The Debtors, the Liquidating Debtors, and the Plan Administrator (as applicable) are authorized to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, releases, and other agreements or documents created in connection with the Plan.  The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of any Debtor or Liquidating Debtor, any officer or director thereof, or the Plan Administrator, to take any and all actions necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order. Pursuant to this Confirmation Order, and other applicable law, the Debtors, the Liquidating Debtors, and the Plan Administrator are authorized and empowered, without action of their respective partners or members or boards of directors or managers (but subject to consent rights, if any, set forth in the Plan) to take any and all such actions as the Plan Administrator may determine are necessary or appropriate in his business judgment to implement, effectuate, consummate and perform any and all actions,

20

documents or transactions contemplated by the Plan or this Confirmation Order as reasonably required to implement the Plan and wind up the Debtors.

      10.    <u>Revesting of Assets and Operation as of the Effective Date</u>.

      i.    On the Effective Date, all property comprising the Wind Down Amount shall remain in each of the Debtors and, ultimately, in the Liquidating Debtors, for expenditures as provided in the Wind Down Budget and payable pursuant to the Plan, and until such time such amounts shall remain subject to the Liens and Security Interests in favor of the Class 2 Prepetition Secured Parties.  To the extent that of the Wind Down Amount remains at the closing of the Chapter 11 Cases, such excess Cash shall be transferred to the Prepetition Secured Parties in accordance with the Plan.

      ii.    The Debtors and the Liquidating Debtors expressly disclaim any rights to prosecute any Causes of Action against any Person, given that all such Causes of Action were transferred to the Purchaser pursuant to the Sale.

      iii.    Without limiting the forgoing, to the extent that any holder of a Secured Claim that has been satisfied or discharged pursuant to the Plan, or any agent for such holder, has filed or recorded any Liens and/or security interests to secure such holder's Secured Claim, then as soon as practicable on or after the Effective Date, such holder (or the agent for such holder) shall take any and all steps requested by any of the Debtors, any of the Liquidating Debtors or the Purchaser under the Sale Order to cancel, remove, terminate, and/or extinguish such filings or records.

      11.    <u>Cancellation of Interests in Fairway</u>.  Except as otherwise specifically provided for in the Plan, on the Effective Date: all Interests in Fairway, including without limitation, all purchase rights, instruments, guarantees, warrants, options, certificates, puts, agreements, and

21

other documents evidencing the right to acquire any such Interests in Fairway shall be cancelled, terminated and extinguished and the obligations of the Debtors thereunder or in any way related thereto shall be fully satisfied, released, and discharged.

12.    As of the Effective Date, without any further action by the Court or the Plan Administrator, the Liens and security interests granted pursuant to the Prepetition Loan Documents will constitute legal, valid and enforceable Liens and security interests in all of the Collateral (comprised primarily of the Remaining Assets and the Wind Down Amount) and such Liens and security interests will constitute legal, valid and binding obligations of the Liquidating Debtors without any further act and without regard to any other federal, state or local requirements or law requiring notice, filing, registration, recording or possession of the Collateral, or other act to validate or perfect such security interest or lien.  Notwithstanding the foregoing, the holder(s) of Liens under the Prepetition Loan Documents and the Liquidating Debtors are authorized to file, with the appropriate authorities, financing statements and other documents (the "Prepetition Secured Credit Perfection Documents"), or (subject to the terms of the Plan) to take possession or control over any Collateral in accordance with the terms of the Prepetition Credit Agreement, or to take any other action in order to evidence, validate, record or perfect such Liens or security interests: provided that no defect or failure in connection with such filing or action shall in any way limit, waive or alter the validity, enforceability, attachment, or perfection of the liens and security interests granted by virtue of the entry of this Confirmation Order.

13.    Subject in all cases to the terms and provisions of the Prepetition Loan Documents, the Debtors and the Liquidating Debtors are authorized to execute and deliver to the Prepetition Secured Parties any such agreements, financing statements, instruments and other

documents, or obtain all governmental approvals and consents the Prepetition Secured Parties may reasonably request or that are required to establish and perfect such Liens and security interests under the provisions of the applicable state, provincial, federal, or other law (whether domestic or foreign) that would be applicable in the absence of the Plan and this Confirmation Order, and are authorized to cooperate to make all other filings and recordings that otherwise would be reasonably necessary under applicable law to perfect and/or give notice of such Liens and security interests to third parties; <u>provided</u> that no defect or failure in connection with such filing, recording, or other action shall in any way limit, waive or alter the validity, enforceability, attachment, or perfection of the liens and security interests granted by virtue of the entry of this Confirmation Order.

14.    <u>Executory Contracts and Unexpired Leases</u>.  On the Effective Date, all executory contracts or unexpired leases of the Debtors that were not assumed pursuant to a Final Order of the Court, including the Sale Order, shall be deemed rejected as of the Effective Date in accordance with, and subject to, the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code.

15.    <u>Deadlines and Claims Procedures</u>. The bar dates and deadlines set forth in Articles 4 and 9 of the Plan, including, without limitation, the Administrative Claims Bar Date, are hereby approved. The claims procedures related to the rejection of executory contracts and unexpired leases set forth in Article 9 of the Plan are hereby approved.

16.    Pursuant to Article 4 of the Plan, Professionals or other Persons asserting a Professional Claim for services rendered to the Debtors or any statutory committee appointed in these Chapter 11 Cases before the Effective Date must file and serve on the Debtors and such other Persons who are designated by the Bankruptcy Rules, this Confirmation Order or other

23

order of the Court an application for final allowance of such Professional Claim no later than 30 days after the Effective Date.  Professional fees and expenses incurred by the Debtors, the Liquidating Debtors or the Plan Administrator and their professionals after the Effective Date may be paid from the amounts available under the Wind Down Budget by the Liquidating Debtors in the ordinary course of business and without application or Court approval.  To the extent of any shortfall and subject to the express consent in its sole discretion of the Prepetition Secured Parties, the Liquidating Debtors may, but are not required to, access Net Distributable Assets as reasonably required and necessary to implement the Plan from and after the Effective Date.

17.    Exemption from Certain Transfer Taxes. Pursuant to, and to the fullest extent permitted by, section 1146(a) of the Bankruptcy Code, any transfers of property in contemplation of, in connection with, or pursuant to the Plan shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States.

18.    Payment of Fees.  All fees due and payable pursuant to 28 U.S.C. § 1930 prior to the Effective Date shall be paid by the Debtors.  All such fees that arise after the Effective Date shall be paid by the Liquidating Debtors.  Notwithstanding anything to the contrary in the Plan, the U.S. Trustee shall not be required to file any proofs of claim with respect to quarterly fees payable pursuant to 28 U.S.C. § 1930.

19.    Dissolution of the Debtors.  Promptly following the occurrence of the Effective Date and the appointment of the Plan Administrator to enable Distributions of all of the Debtors' and their Estates' property under the terms of the Plan, on or after the Effective Date, the Debtors' members, directors, managers, and officers and any remaining employees shall be deemed to have resigned and the entity dissolved for all purposes and of no further legal

24

existence under any applicable state or federal law, without the need to take any further action or file any plan of dissolution, notice, or application with the Secretary of State of the State of Delaware or any other state or government authority.

20.    <u>Releases, Limitations of Liability and Indemnification</u>.    The releases, the exculpation and limitation of liability provisions set forth in Article 10 of the Plan, and the indemnification obligations set forth in Article 7.6 of the Plan are incorporated in this Confirmation Order as if set forth in full herein and are hereby approved, authorized, effective, and binding subject to the respective terms thereof.

21.    <u>Injunctions</u>.    Except as otherwise provided in the Plan, all Persons and Entities who have held, hold or may hold Claims against or Interests in the Debtors that have been released pursuant to Article 10 of the Plan, or are subject to the Exculpation provided pursuant to Article 10.4 of the Plan, are permanently enjoined from and after the Confirmation Date, from taking any of the following actions: (a) commencing, conducting, or continuing in any manner, directly, or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting the Debtors, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor-in-interest to, the Debtors, or any property of any such transferee or successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, of any judgment, award, decree, or order against the Debtors, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, the Debtors, or any property of any such transferee or successor; (c) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any

25

kind against the Debtors, any of their property, or any direct or indirect transferee of any property of, or successor-in-interest to, any of the foregoing Entities; and (d) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

22.     Furthermore, except as otherwise expressly provided in the Plan, as of the Effective Date, all Persons and Entities who have held, hold, or may hold claims released pursuant to Article 10 of the Plan, whether known or unknown, and their respective agents, attorneys, and all others acting for or on their behalf, shall be permanently enjoined on and after the Effective Date, with respect to any claim released pursuant to Article 10 of the Plan, from (a) commencing or continuing in any manner, any action or other proceeding of any kind with respect to any claim against them or the property of any of them; (b) seeking the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against any Debtor or the property of the Debtor; (c) creating, perfecting, or enforcing any encumbrance of any kind against any Debtor; and (d) taking any act, in any manner and in any place whatsoever, that does not conform to or comply with provisions of the Plan.

23.     The rights afforded in the Plan and the treatment of all Claims and Interests therein shall be in exchange for and in complete satisfaction of all Claims and Interests of any nature whatsoever against the Debtors or any of their assets, property or estates.   On the Effective Date, all such Claims against the Debtors shall be fully released, and the Interests shall be cancelled.

24.     Except as otherwise expressly provided for in the Plan or in obligations issued pursuant thereto from and after the Effective Date, all Claims against the Debtors shall be fully released, and all Interests shall be cancelled, and the Debtors' liability with respect thereto shall

26

be extinguished completely, including any liability of the kind specified under section 502(g) of the Bankruptcy Code. All persons shall be precluded from asserting against the Debtors, the Estates, the Liquidating Debtors, each of their respective successors and assigns, and each of their assets and properties, any other claims or interests based upon any documents, instruments or any act or omission, transaction or other activity of any kind or nature that occurred before the Effective Date.

25.    <u>Exculpations</u>. Except as otherwise specifically provided in the Plan, no Exculpated Parties shall have or incur any liability whatsoever to any Person or Entity for any act taken or omission made in good faith in connection with or related to preparing, formulating, negotiating, implementing, disseminating, implementing, confirming, or consummating the Plan, the DIP Loan Documents, the PSA, the Sale Order, the Disclosure Statement, or any Plan Document, or any related agreement, instrument, or other document.  No Exculpated Party shall have any liability to the Debtors, any Creditor, Interest holder, any other party-in-interest in the Bankruptcy Cases or any other Entity for actions taken or not taken under the Plan, in connection herewith or with respect thereto, or arising out of their administration of the Plan or the property to be distributed under the Plan, in good faith, including, without limitation, failure to obtain Confirmation or to satisfy any condition or conditions, or refusal to waive any condition or conditions, to the occurrence of the Effective Date; *provided*, *however*, that the foregoing exculpation shall not apply to any act of willful misconduct or fraud. All injunctions or stays in effect in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code or any order of the Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or this Confirmation Order), shall remain in full force and effect until the Effective

01:24714149.3
4834-5166-6332 v.1

Date. All injunctions, stays or exculpation provisions contained in the Plan or this Confirmation Order shall remain in full force and effect in accordance with their terms.

26.     Notwithstanding anything contained in the Plan, this Confirmation Order or related documents ("Plan Documents"), nothing in the Plan Documents (1) discharges, releases, or exculpates the Debtors, the Liquidating Debtors or any non-debtor from any claim, liability or cause of action of the United States of America, its agencies, departments, or agents affects or impairs the ability of the United States of America, its agencies, departments, or agents to exercise its police and regulatory powers against the Debtors and/or the Liquidating Debtors; (2) shall affect or impair the United States' rights to assert setoff and recoupment against the Debtors and/or the Liquidating Debtors and such rights are expressly preserved; (3) shall affect or impair the ability of the United States to make demand on, be paid by, or otherwise pursue any sureties that are jointly and severally liable with the Debtors and/or the Liquidating Debtors for any debt owed to the United States; or (4) shall constitute an approval or consent by the United States without compliance with all applicable legal requirements and approvals under non-bankruptcy law.  Nothing in the Plan or this Confirmation Order discharges, releases, precludes, or enjoins any liability to a governmental unit on the part of any person or entity other than the Debtors.

27.     Post-Confirmation Modifications. Without need for further order or authorization of the Court, the Debtors or the Liquidating Debtors, as applicable, are authorized and empowered to make any and all modifications to any and all documents that are necessary to effectuate the Plan that do not materially modify the terms of such documents and are consistent with the Plan (subject to any applicable consents or consultation rights set forth therein).

## **Notice and Other Provisions**

28.    <u>Notice of Confirmation Order</u>.  On or before the fifth (5th) business day following the occurrence of the Effective Date, the Debtors shall serve notice of entry of this Confirmation Order (which may be combined with the Notice of Effective Date) pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), on (i) the U.S. Trustee; (ii) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (iii) White & Case, Attn: David Turetsky and Andrew Zatz, on behalf of the Prepetition Secured Parties; (iv) all Holders of Claims and Equity Interests; and (v) all parties who have filed requests for notice in these cases under Bankruptcy Rule 2002, by causing a notice of this Confirmation Order in substantially the form of the notice annexed hereto as <u>Exhibit B</u> (the "<u>Notice of Confirmation</u>"), which form is hereby approved , to be delivered to such parties by first class mail, postage prepaid. Notice need not be given or served under the Bankruptcy Code, the Bankruptcy Rules, or this Confirmation Order to any Person to whom the Debtors mailed a Combined Hearing Notice, but received such notice returned marked "undeliverable as addressed," "moved - left no forwarding address," "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Person of that Person's new address.

29.    Mailing and publication of the Notice of Confirmation in the time and manner set forth in the preceding paragraphs shall be good and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c), and no other or further notice is necessary.  The Notice of Confirmation shall constitute sufficient notice of the entry of this Confirmation Order to any filing and recording officers, and shall be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

01:24714149.3
4834-5166-6332 v.1

30.     <u>Failure to Consummate Plan</u>. If the Effective Date does not occur, then the Plan, the assumption or rejection of executory contracts or unexpired leases effected by the Plan, and any document or agreement executed pursuant to the Plan, shall be null and void. In such event, nothing contained in the Plan or this Confirmation Order, and no acts taken in preparation for consummation of the Plan, shall, or shall be deemed to, (a) constitute a waiver or release of any Claims by or against or Interests in the Debtors or any other Person, (b) prejudice in any manner the rights of the Debtors or any Person in any further proceedings involving the Debtors, (c) constitute an admission of any sort by the Debtors or any other Person, or (d) be construed as a finding of fact or conclusion of law with respect thereto.

31.     <u>References to Plan Provisions</u>. The failure to include or specifically reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

32.     <u>Exhibits</u>. Each reference to a document, agreement or summary description that is in the form attached as an exhibit to the Plan in this Confirmation Order, or in the Plan shall be deemed to be a reference to. such document, agreement or summary description in substantially the form of the latest version of such document, agreement or summary description filed with the Court (whether filed as an attachment to the Plan or filed separately).

33.     <u>Plan Provisions Mutually Dependent</u>. The provisions of the Plan are hereby deemed non-severable and mutually dependent.

34.     <u>Confirmation Order Provisions Mutually Dependent</u>. The provisions of this Confirmation Order are hereby deemed non-severable and mutually dependent.

30

35.   <u>Conflicts Between Confirmation Order and Plan</u>. The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; <u>provided</u>, <u>however</u>, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

36.   <u>Applicable Non-Bankruptcy Law</u>. Pursuant to section 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan, and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

37.   <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement.

38.   <u>Retention of Jurisdiction</u>.  Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain non-exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, but not limited to, the matters set forth in Article 11 of the Plan.

01:24714149.3
4834-5166-6332 v.1

39. <u>Governing Law</u>.  Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an exhibit hereto specifically provides otherwise, the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflict of laws thereof.

40. <u>Final Order</u>.  This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.

41. <u>Immediate Effectiveness</u>.  Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, 8001, 8002 or otherwise, immediately upon the entry of this Confirmation Order, the terms of the Plan,  and this Confirmation Order shall be, and hereby are, immediately effective and enforceable and deemed binding upon the Debtors, the Liquidating Debtors, any and all holders of Claims or Interests (irrespective of whether such Claims or Interests are Impaired under the Plan or whether the holders of such Claims or Interests accepted, were deemed to have accepted, rejected or were deemed to have rejected the Plan), any trustees or examiners appointed in the Chapter 11 Cases, all persons and entities that are party to or subject to the releases, discharges, injunctions, stays and exculpations described in the Plan or herein, each person or entity acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors and the respective heirs, executors, administrators, successors or assigns, affiliates, officers, directors, agents, representatives,

01:24714149.3
4834-5166-6332 v.1

attorneys, beneficiaries, or guardians, if any, of any of the foregoing. The Debtors are authorized

to consummate the Plan at any time after the entry of this Confirmation Order.

33

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

Dated: July 18th, 2019
Wilmington, Delaware

01:24714149.3
4834-5166-9350.10